UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ASKARI DANSA M.S. LUMUMBA,<br><br>*Plaintiff,*<br><br>v.<br><br>JEFFERY KISER,<br><br>*Defendant.* | CASE NO. 7:20-cv-379<br><br>MEMORANDUM OPINION & ORDER<br><br>JUDGE NORMAN K. MOON |

**Order Granting Petitioner's Certificate of Appealability, Dkt. 19**

On September 30, 2021, this Court entered an order, Dkt. 18, granting Defendant's motion to dismiss Petitioner's petition for the writ of habeas corpus under 28 U.S.C. § 2254. Petitioner then filed a request for certificate of appealability, Dkt. 19, which now comes before the Court.

When issuing a final order adverse to a § 2254 petitioner, the court must issue or deny a certificate of appealability. Fed. R. Gov. § 2254 Cases 11(a). A certificate of appealability may issue only if the movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The movant must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).

Here, Petitioner has shown a substantial denial of a constitutional right that reasonable jurists might disagree about. In granting Defendant's motion to dismiss, the Court denied Defendant's procedural arguments but granted Defendant's merits arguments. Dkt. 18 at 3–8.

Petitioner made two merits arguments: one, on the void-for-vagueness doctrine, and two, on the overbreadth doctrine. *Id.* With respect to void-for-vagueness, Petitioner argued that the prison disciplinary offense under which he was punished was unconstitutionally vague. *Id.* at 5–6. With respect to overbreadth, Petitioner argued that the same offense was overbroad because it allegedly punished constitutionally protected speech. *Id.* at 7–8.

Although the Court did not accept Petitioner's arguments, the Court holds that a reasonable jurist could disagree. The Fourth Circuit has not developed case law directly on point for either issue, and the Court relied on the Supreme Court's more generally applicable decisions in *Grayned v. City of Rockford*, 408 U.S. 104 (1972) for the void-for-vagueness issue and *Turner v. Safley*, 482 U.S. 78 (1987) for the overbreadth issue. Because there are no directly-on-point Fourth Circuit cases with respect to either issue, and because both the void-for-vagueness and overbreadth doctrines as applied here require interpretation of the relevant disciplinary offense on which reasonable jurists might disagree, the Court will **GRANT** Petitioner's request for a certificate of appealability, Dkt. 19. Petitioner may appeal the Court's merits holdings on the void-for-vagueness and overbreadth doctrines. *See* 28 U.S.C. § 2254(c)(2)–(3) (requiring that the Court "indicate which specific issue or issues satisfy the showing" that "the applicant has made a substantial showing of the denial of a constitutional right").

The clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and all counsel of record.

**ENTERED** this  25th  day of January 2022.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE